IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CR-03-209 |
| v. | : | CV-05-2153 |
| | : | |
| KEVIN STANTON, | : | (Judge McClure) |
| | : | |
| Defendant. | : | |

**O R D E R**

December 12, 2005

**BACKGROUND:**

On July 20, 2005, defendant Kevin Stanton, pursuant to United States v. Booker, 543 U.S. 220 (2005), was resentenced to thirty-seven (37) months imprisonment and a three-year term of supervised release.

On August 28, 2003, Stanton pled guilty to an information that charged him with escaping from Bureau of Prisons custody in violation of 18 U.S.C. § 751(a). In 2002 Stanton failed to turn himself into federal custody after a Maryland prison erroneously released him from custody despite a federal detainer. At the time Stanton was in federal custody in the process of serving sentences imposed by the Superior Court of the District of Columbia.

The court now has before it Stanton's motion under 28 U.S.C. § 2255 to

1

vacate, set aside, or correct his sentence, filed on or about October 21, 2005. On October 24, 2005, we issued a Notice of Election to Stanton. Stanton has not filed a response during the time period allotted by the court in that order. Therefore, we will rule on the motion as filed.

For the following reasons the court will deny Stanton's motion under 28 U.S.C. § 2255.

**DISCUSSION:**

### I.  Standard of Review

A prisoner who is in custody pursuant to a sentence imposed by a federal court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255, ¶1; see United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the judge who receives a motion filed pursuant to section 2255 must promptly examine it. That rule provides "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the

moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 Rules Governing Section 2255 Proceedings for the United States District Courts; see United States v. Bendolph, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts possess power to dismiss petitions sua sponte during Rule 4 stage of habeas proceedings).

## II.  Stanton's Section 2255 Motion

Stanton raises two grounds in his section 2255 Motion. First, Stanton asserts that "the undischarged term of imprisonment was taken into account in the determination of the offense level." (Mot. to Vacate, Rec Doc. No. 41, at 6.) Stanton then cites to three paragraphs of the presentence investigation report. Second, Stanton asserts that his sentence exceeded the statutory maximum prescribed by law.

### A.  Applicable Statutory Language

Stanton pled guilty to an information charging him with a violation of 18 U.S.C. § 751(a). That criminal statute provides:

> **(a)** Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court,

judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 751(a).

Supervised release of convicted defendants is governed by 18 U.S.C. § 3583. That statute in relevant part states:

> **§ 3583. Inclusion of a term of supervised release after imprisonment**
>
> **(a) In general.**--The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).
>
> **(b) Authorized terms of supervised release.**--Except as otherwise provided, the authorized terms of supervised release are--

>**(1)** for a Class A or Class B felony, not more than five years;
>
>**(2)** for a Class C or Class D felony, not more than three years; and
>
>**(3)** for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

In order to determine the maximum authorized term of supervised release for Stanton the court must determine his felony classification.  Stanton committed the instant offense while he was incarcerated for a felony conviction; therefore, he was subject to a maximum term of imprisonment of five years.  18 U.S.C. § 751(a).  A crime with a maximum term of imprisonment of five years is a class D felony.  18 U.S.C. § 3559(a)(4).  Thus, Stanton's maximum term of authorized supervised release was three (3) years.  18 U.S.C. § 3583(b)(2).  Stanton's sentence included a three-year term of supervised release.

### B.  Ground One

The court believes that in ground one of his petition, Stanton is arguing that his sentence for the instant offense should have run concurrently with his undischarged term of imprisonment related to his District of Columbia sentences.  This argument is without merit.  The advisory sentencing guidelines indicate that if an offense was committed while the defendant was serving a term of imprisonment the sentence shall be imposed to run consecutively to the unexpired term of

imprisonment.  U.S. Sentencing Guidelines Manual § 5G1.3(a) (2001). Furthermore, if we were to run his sentence concurrently with his unexpired term he could potentially face no imprisonment for escaping from custody.  Finally, the terms of his plea agreement indicated that he was agreeing to a sentence that would run consecutively to his unexpired term of imprisonment.  (Plea Agreement, Rec. Doc. No. 1, at 2, 7.)

### C.  Ground Two

The second ground of Stanton's petition is also plainly without merit. Stanton asserts that his sentence exceeds the statutory maximum prescribed by law, asserting that the time he will spend under supervised release counts toward the length of his term of imprisonment.  The supervised release statute provides that the court "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release <u>after imprisonment</u>."  18 U.S.C. § 3583(a) (emphasis added).

Because Stanton committed the instant offense while serving a sentence based on a felony conviction, the statute provided that he "be fined under this title or <u>imprisoned not more than five years</u>, or both."  18 U.S.C. § 1751(a) (emphasis added).  Stanton was sentenced to thirty-seven months' imprisonment, a sentence

at the bottom of the advisory guideline range and below the statutory maximum.  At sentencing we also imposed a three-year term of supervised release.  As we have already indicated, under the plain language of the statutes supervised release is not imprisonment, and the term of supervised release we imposed on Stanton was authorized by 18 U.S.C. § 3583.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Stanton's motion under § 2255 is denied.  (Rec. Doc. No. 41.)

2. There is no basis for the issuance of a certificate of appealability.

3. The clerk is directed to close the case file docketed to 4:CV-05-2153.

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge